IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| ELISHA RIGGLEMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:12-05276 |
| ) | |
| BECKLEY CONSOLIDATED LEGAL ) | |
| CENTER, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff's letter-form Motion to Dismiss Complaint (Document No. 4.), filed on September 20, 2012. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACTUAL AND PROCEDURAL HISTORY**

On September 10, 2012, Plaintiff, proceeding *pro se* and in confinement at FCI Beckley, filed a "Petition for Judicial Review Pursuant to 28 C.F.R. § 16.9." (Document No. 1.) Specifically, Plaintiff states that he is filing a "FOIA request to obtain the information of how [Debbie H. Stevens] is appointed as special counsel for the U.S. Government." (Id., pp. 1 - 2.) First, Plaintiff contends there is no conflict of interest pursuant to 28 C.F.R. § 600.1. (Id., p. 2.) Next, Plaintiff argues that Ms. Stevens is not qualified to act as special counsel pursuant to 28 C.F.R. § 600.3. (Id., pp. 2 - 3.) Plaintiff, therefore, requests that the Court "order respondent to reply to this FOIA with U.S. Codes and Statutes and Regulations that allows for Debbie H. Stevens to legally be a special counsel for the U.S. Government that works with the victim Michael Snow and is in full custody, care and control of the person who she is trying to prosecute, and has full control over his

environment and how it is organized of who is put in his cell in the special housing unit." (Id., p. 3.)

As Exhibits, Plaintiff attaches the following: (1) A copy of a letter dated May 7, 2012, addressed to Plaintiff from Ms. Stevens notifying Plaintiff of the correct address for filing a FOIA request (Id., p. 4.); (2) A copy of Plaintiff's FOIA request dated May 10, 2012 (Id., pp. 5 - 7.); and (3) A copy of a letter from the U.S. Department of Justice notifying Plaintiff that "[t]he records you seeks are not Federal Bureau of Prisons records. You will need to contact the agency responsible for the records you seek" (Id., pp. 8 - 9.).

On September 20, 2012, Plaintiff filed his letter-form Motion to Dismiss Complaint. (Document No. 4.) Specifically, Plaintiff requests that the Court "[p]lease remove from the docket the civil case # 5:12-cv-5276 because I have a very great attorney that will enforce the judicial review that I filed in the criminal case # 5:11-cr-0124." (Id., p. 1.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent

substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants have neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

### PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Dismiss Complaint (Document No. 4.), **DISMISS** Plaintiff's Complaint (Document No. 1.) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days,

filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 27, 2012.

R. Clarke VanDervort
United States Magistrate Judge